IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. DYE, | ) | Case No. 5:15CV1095 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by Petitioner Robert A. Dye ("Petitioner").  Petitioner filed his habeas

petition on June 1, 2015, and filed an amended habeas petition on July 6, 2015.[1]  ECF Dkt. #1,

#4.[2]  Respondent Christopher LaRose ("Respondent") filed a return of writ on September 25,

2015.[3]  ECF Dkt. #8.  Petitioner filed a traverse to the return of writ on November 23, 2015.

ECF Dkt. #10.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  However, Petitioner does not include the date he handed his original habeas petition over the prison mail system, including only the date it was notarized, and did not include any date on the amended habeas petition.  In any event, the date Petitioner's habeas petition was filed is not at issue.

[2]Petitioner's amended habeas petition is the operative petition before the Court and is referenced without the inclusion of a notation of amendment for the remainder of the instant Report and Recommendation.

[3]Respondent Christopher LaRose was the Warden of Trumbull Correctional Institution, where Petitioner was housed when he filed his habeas petition.  Christopher LaRose is no longer the Warden of Trumbull Correctional Institution.  Trumbull Correctional Institution, http://www.drc.ohio.gov/tci (last visited February 14, 2017).

Petitioner's petition for a writ of habeas corpus (ECF Dkt. #4) in its entirety with prejudice.

## I.      PROCEDURAL HISTORY

### A.      State Trial Court

On May 20, 2011, a Portage County Grand Jury indicted Petitioner on the following charges: aggravated burglary, in violation of Ohio Revised Code ("ORC") § 2911.11(A)(1)(B), a felony of the first degree; and kidnapping, in violation of ORC § 2905.01(A)(2) and/or (3), also a felony of the first degree.  ECF Dkt. #8-1 at 5-6.  Petitioner entered a plea of not guilty to the charges.  *Id.* at 8.

On the day the trial was scheduled to begin, August 17, 2011, the parties conducted plea negotiations.  ECF Dkt. #8-2.  The state placed on the record its offer to reduce the aggravated burglary charge to burglary with a possible sentence of a term of imprisonment of two to eight years.  *Id.* at 2.  Petitioner initially rejected this offer, but ultimately changed his plea to guilty to an amended charge of burglary, in violation of ORC § 2911.12(A)(1)(C).  *Id.* at 2-3, 14.  After Petitioner's indication that he was changing his plea to guilty, the trial judge conducted a lengthy colloquy regarding the nature of the charge and Petitioner's rights, and Petitioner confirmed he wished to enter a plea of guilty.  *Id.* at 14-19.  In a signed Written Plea of Guilty, Petitioner acknowledged that his potential sentence would range from two to eight years, include a maximum fine of $15,000.00, and that he would be subject to post-release control for three years.  ECF Dkt. #8-1 at 9-10.  Additionally, Petitioner stated that his counsel and the trial judge had informed him of the consequences of his guilty plea.  *Id.* at 9.  Petitioner represented that no promises or threats had been made to him to secure the plea, and that he had not been coerced in any way by any person to plead guilty.  *Id.* at 10.  Further, Petitioner stated that he had reviewed

2

the plea agreement thoroughly with his attorney and signed it voluntarily. *Id*. at 18-19. The court accepted Petitioner's plea, finding it had been made knowingly, intelligently, and voluntarily. *Id*. at 19-20.

On September 6, 2011, the date set for the sentencing hearing, Petitioner moved to vacate his written plea of guilty. ECF Dkt. #8-1 at 13. On September 14, 2011, Petitioner filed a *pro se* motion requesting an evidentiary hearing "to discuss evidence against him." *Id*. at 14. That same day, he also filed a *pro se* motion to discharge his counsel due to counsel's "ineffectiveness and his lack of investigation of this case..." *Id*. at 15. On September 19, 2011, the trial court granted the motion to discharge counsel, appointed new counsel, and scheduled a hearing on Petitioner's motion to vacate the guilty plea. *Id*. at 16.

The hearing on Petitioner's motion to vacate his plea was held on October 17, 2011. *See* ECF Dkt. #8-3. Petitioner testified that he believed he had an "absolute defense" to the charges of aggravated burglary and kidnapping, and had informed prior counsel of certain witnesses who would help him, and that he changed his plea to guilty because he lacked confidence in his attorney's ability to present an adequate defense and he felt the judge would impose the maximum sentence if he lost at trial. *Id*. at 4-6. On cross-examination, Petitioner agreed that the morning of the plea hearing, his counsel explained over the course of about two and a half hours the charges against him, although Petitioner said he "was definitely in the blind" when he told the court at the plea hearing that he understood the law involved. *Id*. at 7-8. Petitioner further testified that he understood the terms of his written plea agreement and changed his plea to guilty because "[he] was facing twenty years [f]or this." *Id*. at 12-13. Petitioner agreed that he "knowingly and intelligently entered this plea..." *Id*. at 14. The court stated that prior counsel

3

was "skillful" and prepared to go to trial at the time of the plea hearing.  *Id*. at 26.  Additionally, the court noted that at the plea hearing there was a review of the terms of the plea and Petitioner's rights.  *Id*.  The court concluded that Petitioner's plea was entered knowingly, intelligently, voluntarily, and without coercion.  *Id*.  Accordingly, the court denied Petitioner's motion to vacate his guilty plea.  *Id*. at 27; ECF Dkt. #8-1 at 19.  On October 24, 2011, the court sentenced Petitioner to six years in prison, three years of post-release control, and a fine of $350 plus court costs.  ECF Dkt. #8-1 at 20-22.

### B.        Direct Appeal

Petitioner, through new counsel, filed a timely notice of appeal.  ECF Dkt. #8-1 at 23.  In his appellate brief, Petitioner asserted the following assignments of error:

1.   The trial court erred in sentencing [Petitioner] by imposing more than the minimum sentence and by imposing an improper sentence.

2.   The trial court erred in overruling [Petitioner's] pre-sentence motion to withdraw his guilty plea.

*Id*. at 33.  The Eleventh District Court of Appeals affirmed Petitioner's conviction and sentence on September 28, 2012.  *State v. Dye*, No. 2011-P-0097, 2012 WL 4481346, 2012-Ohio-4464; ECF Dkt. #8-1 at 62-71. A review of the Ohio Supreme Court's online docket shows that Petitioner did not appeal the state appellate court's judgment.

### C.        Rule 26(B) Application to Reopen Direct Appeal

On December 13, 2012, Petitioner filed a *pro se* application in the state appellate court to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  ECF Dkt. #8-1 at 72-81.  In his application,  Petitioner claimed that his appellate counsel was ineffective for failing to raise on direct appeal the following assignments of error:

4

1.      [Petitioner's] guilty plea was not knowingly and intelligently made where the trial court erred by not strictly complying with Crim. R. 11, and misrepresenting his eligibility for probation and/or community control sanction(s)[.]

2(a).   [Petitioner] was denied his constitutional right to a trial, when the trial court accepted his guilty plea without addressing the factual predicate of his actual innocence claim and assuring that [Petitioner] admitted to the exact nature and circumstances of his offense.

   (b).   [Petitioner] was denied the effective assistance of counsel during the motion to withdraw guilty plea hearing where counsel failed to raise the argument that [Petitioner] required withdrawal was based on the claim of factual and actual innocence. [*sic*]

3(a).   The trial court erred by denying [Petitioner's] motion to withdraw his guilty plea based upon the breech [*sic*] of plea agreement by the State of Ohio.

   (b).   [Petitioner] was denied the effective assistance of counsel during the motion to withdraw guilty plea hearing where counsel failed to argue a breech [*sic*] of the plea agreement by the State.

4.      The trial court erred by imposing court cost[s] on [Petitioner] without notifying him of the possibility of community service in lieu of paying cost[s], as required by Ohio Revised Code Section § 2947.23(A)(1)[.]

5.      [Petitioner] was denied the effective assistance of counsel where counsel submitted the appellate brief without speaking with the Defendant[.]

6.      The trial court denied [Petitioner] the effective assistance of counsel where the trial court denied Appellant's motion to withdraw, where the withdraw[al] of [the] guilty plea was based on the advise [*sic*] of two attorney's [*sic*][.]

*Id*. at 73, 76, 78-80.  The State did not oppose the application.  *Id*. at 82.

On February 7, 2013, the court of appeals granted Petitioner's application with respect to his fourth assignment of error.  *Id*. at 87.  The appellate court found the remaining assignments of error meritless, stating that the sole issue for which it granted reopening was "whether appellate counsel was ineffective for failing to question whether the trial court, during

5

sentencing, met its obligations under R.C. 2947.23(A)(1)." *Id.* at 88-89. The court appointed

appellate counsel to represent Petitioner. *State v. Dye*, No. 2011-P-0097, 2013 WL 5450422, at

*1, 2013-Ohio-4285; ECF Dkt. #8-1 at 116. Petitioner then filed an appellate brief, raising the

following assignment of error:

> The failure of appellant's counsel to raise the issue of whether the trial court erred
> in imposing court costs on the appellant, without notifying him of the possibility
> of community service in lieu of paying court costs, constituted ineffective
> assistance of counsel.

ECF Dkt. #8-1 at 91.

On September 30, 2013, the state appellate court sustained Petitioner's assignment of

error, modified the trial court's judgment by eliminating the possibility that Petitioner be

subjected to community service in lieu of court costs, and affirmed the trial court's judgment as

modified. *Id.* at 121; *Dye*, 2013 WL 5450422, at *3. The court explained:

> {¶ 17} In this case, the imposition of court costs without the proper notification
> was error. [Petitioner], however, could receive a complete remedy by removing
> the possibility that he can ever be required to perform community service instead
> of paying court costs. As the Second District stated in Henderson, supra, "if the
> performance of community service is not a possibility, then [appellant] is not
> prejudiced by the trial court's having failed to inform him of that possibility." *Id.*
> at ¶ 12.
>
> {¶ 18} Here, at oral argument, the state approved of the foregoing remedy
> adopted by Second District. Thus, we sustain [Petitioner's] assignment of error.
> The trial court's judgment is accordingly modified by eliminating the possibility
> that [Petitioner] be subject to community service in lieu of court costs. As
> modified, the trial court's judgment is hereby affirmed.

ECF Dkt. #8-1 at 121; *Dye*, 2013 WL 5450422, at *3. A review of the Ohio Supreme Court's

online docket shows that Petitioner did not appeal the state appellate court's judgment.

**D.** **Post-Conviction Proceedings**

On November 12, 2013, Petitioner, *pro se*, filed a post-conviction petition in the state

6

trial court.  *Id*. at 124-32.  Petitioner asserted the following grounds for relief:

1.  The sentence imposed on [Petitioner] is contrary to law and void where the trial court failed to sentence [Petitioner] under H.B. § 86[.]

2.  [Petitioner] moves to withdraw his guilty plea because his plea was premised upon incorrect legal advice from defense counsel and State prosecutor[.]

3.  [Petitioner's] guilty plea was not knowingly and intelligently made because the trial court and prosecutor misrepresented [Petitioner's] eligibility for community control sanction imposed as a sentence without first considering a PSI report[.]

4.  [Petitioner] was denied effective assistance of counsel where counsel allowed him to enter a guilty plea based on clearly erroneous advice, and, not being sentenced under H.B. § 86.

*Id*. at 126-29.  On November 15, 2013, the court summarily denied the motion.  *Id*. at 133.  A review of the Eleventh District Court of Appeals' online docket shows that Petitioner did not appeal the trial court's judgment.

On January 27, 2014, Petitioner, *pro se*, filed a second post-conviction petition in the trial court.  *Id*. at 134-43.  In his petition, Petitioner  asserted the following ground for relief:

[Petitioner] was denied his right to due process of law as guaranteed by the United States and Ohio [c]onstitutions, because his guilty plea was not entered [k]nowingly, [i]ntelligently and [v]oluntarily[.]  Further, [Petitioner's] trial counsel was ineffective and this Court erred to the prejudice when it informed [Petitioner] at the plea hearing that he faced a potential penalty of (4) [f]our years on count (1) of the [b]urglary charge for a violation of [p]ost-[r]elease [c]ontrol sanctions.  Thus [Petitioner's] guilty plea to [b]urglary was not [k]nowingly, [v]oluntarily, or [i]ntelligently made and therefore should be vacated.

*Id*. at 136.  The trial court summarily denied the petition on January 29, 2014.  *Id*. at 144.

Petitioner filed a *pro se* notice of appeal with the state appellate court on February 7, 2014.  *Id*. at 145.  The court appointed appellate counsel to represent him.  *Id.* at 204; *State v. Dye*, No. 2014-P-0005, 2014 WL 7277587, at *1, 2014-Ohio-5618.  On April 25, 2014, counsel

7

filed a motion to withdraw from the case.   ECF Dkt. #8-1 at 152-53.  Unable to find any

meritorious issues to raise on appeal, counsel also filed a brief pursuant to *Anders v. California*,

386 U.S. 738 (1967).  *Id.* at 154-69.  Counsel identified the following possible assignments of

error:

1.      The trial court committed reversible error and plain error in denying
        [Petitioner's] s motion to withdraw guilty plea without holding a hearing.

2.      The trial court committed reversible error on [*sic*] denying [Petitioner's]
        motion to withdraw guilty plea as his plea was not knowingly,
        intelligently, and voluntarily made.

*Id*. at 155.

Petitioner then filed a *pro se* appellate brief on June 11, 2014, in which he raised the

following assignments of error:

1.      Ineffective assistance of counsel, as the motion to vacate plea transcripts
        page 18, 19, 20, 21, will show lack of investigation and preparation, as
        well as a constitutiona[l] violation of [Petitioner's] right to have witnesses
        called on his behalf, according to the [S]ixth [A]mendment of th[e] U.S.
        Constitution.

2.      The [S]tate errord [*sic*] in indicting [Petitioner] for kidnapping and
        aggravated burglary as there was evidence in the police report that it was
        merely a domestic dispute as the 911 call had stated. [Petitioner] was over
        charged, and more or less forced into pleading guilty to a charge that he
        did not commit as the prosecutor well knew.

3.      The trial court errord [*sic*] in bagering [*sic*] [Petitioner] into a guilty plea,
        after [Petitioner] had expressed his inocense [*sic*] and wish to go to trial as
        reflected on plea hearing transcripts, pages 7, 15, 16, 17, 18.

4.      Trial court commited [*sic*] plain error by failing to explain to [Petitioner]
        the minimum and maximum terms of imprisonment, and the possibility of
        penalties for not following mandatory sanctions, as provided by stature
        [*sic*] and the [O]hio [C]onstitution.

5.      Trial court commited [*sic*] prejudical [*sic*] error when it violated
        agreement, trial counsel was U.S. constitutionally [*sic*] inefective [*sic*] for

not objecting to same, violating [D]ue [P]rocess [C]lause of the U.S. Constitution. The plea colloquy under [Crim. R.] 11(C)(2)(c)(B)(A) was deficient because the trial court failed to properly inform [Petitioner] of the mandatory notification obligations under R.C. [§] 2947.23(A)(1) prior to the entering of [Petitioner's] guilty plea, said failure prejudiced [Petitioner] to the extent that his plea was rendered in less than a knowing, intelligent, and voluntary manner. Further, the trial court provided misinformation when it advised [Petitioner] that he had been properly informed. [Petitioner's] guilty plea was obtained in violation of due process, and is void: as trial court did not strictly comply with [Crim. R.] 11, as it pertains to the wavier [*sic*] of federal constitutional rights.

6.    Trial court committed plain error by failing to hold a [*sic*] evidentary [*sic*] hearing, or give its opinion for denial of [Petitioner's] motion to vacate plea, sentence and judgment on 9-14-2011. [A]s [Petitioner] wished to withdraw his guilty plea on the merits that it was made in violation of his constitutional rights, and, the laws of the United States.

7.    The judicial system has errord [*sic*] by the court[']s performance, its appointment of counsel, appellate counsel, and, appellate review[.]

8.    [Petitioner] has never been afforded a complete copy of all records pertaining to his case, as he is proceding [*sic*] pro se and at this couts [*sic*] request per Judge Cynthia Westcott Rice, [Petitioner] can not [*sic*] perfect his appeal without a complete copy of the record, which he has previously requested for the second time, and now has once again motioned the court for.

9.    Trial court errord [*sic*] to the prejudice of [Petitioner] by coercion of obtaining his guilty plea under the false pretense of his being a canidate [*sic*] for house arrest, while trial court knew that [Petitioner] was not, as no pre-sentence investigation report was conducted pursuant to R.C. [§] 2951.03(A)(1). Said report was not filed and docketed until [1-9-2012] rendering the court['s] procedings [*sic*] void[.]

10.   Trial court errored [*sic*] by not finding [Petitioner] guilty in its order and journal entry. The court['s] order is not final or appealable.

*Id*. at 173-74.  On December 22, 2014, the state appellate court overruled all assignments of error and affirmed the judgment of the trial court.  *Id*. at 202; *Dye*, 2014 WL 7277587, at *1.  The court also granted counsel's motion to withdraw as it found no arguable issues in the appeal.

9

ECF Dkt. #8-1 at 210; *Dye*, 2014 WL 7277587, at *5.

On March 2, 2015, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal with the Ohio Supreme Court.  ECF Dkt. #8-1 at 213-27.  He claimed that his appeal was not filed in a timely manner because he had not been provided with certified copies of the record and because he could not perfect an appeal without those documents.  *Id*. at 215.  His petition appears to state a claim that he was denied the right to appellate counsel.  *Id*. at 216.  On April 29, 2015, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed the case.  *Id*. at 228.

## II.      FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a § 2254 federal habeas corpus petition on June 1, 2015.

ECF Dkt. #1.  He raised the following claim:

> Petitioner sentence is void ab initio due to violations of a mandated statute pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Petitioner was lead [*sic*] to plead guilty to a crime that he did not commit. Petitioner has not been afforded his right to counsel on appeal as of right. Petitioner has not been given the record of court proceedings which is needed to perfect his appeal. Petitioner seeks to have this petition and complaint answered under oath.

*Id*. at 2.  Upon review of the petition, the Court ordered Petitioner to file within thirty days an amended petition on a Form AO 241 ("Petition for Writ of Habeas Corpus by a Person in State Custody"), or a document which substantially duplicates that form, stating with greater clarity and substance "the extent to which state remedies have been exhausted or of the grounds petitioner raised in the state courts."  ECF Dkt. #3.

Petitioner filed an amended petition on July 6, 2015.  ECF Dkt. #4.  In it, he provides the following "Statement of [F]acts":

On October 24, 2011, the trial court held a sentencing hearing in the instant case, after which [Petitioner] was sentenced to six years and fined court costs. However the court failed to inform [Petitioner] properly as required by mandated statute of all penalties before excepting [*sic*] [Petitioner's] plea as required by the U.S. Constitution and Ohio law, [r]endering [Petitioner's]  plea, sentence, and conviction void pursuant to State v. Beasley (1984) 14 Ohio. [S]t. which states that such violations may be challenged at any time, as [Petitioner] was not completely informed of what he was entering a guilty plea to, nor informed that the agreement could not be legally fulfilled. [Petitioner's] counsel was ineffective for not objecting to said plea, as well as the court for conducting it. [A]s the [Eleventh] District Appellate Court has noted, counsel on [appeal] [brackets original] was ineffective as well. [Petitioner]'s  motion to withdraw his guilty on the ground that it was obtained in violation of his due process rights, and the Ohio and United States Constitution is the question of law before this court.

*Id*. at 4.  Petitioner also asserts, with no argumentation, the following grounds for relief:

1.   Ineffective assistance of counsel, as the motion to vacate plea transcripts page 18, 19, 20, 21, will show lack of investigation and preperation [*sic*], as well as a constitutional violation of [Petitioner's] right to have witnesses' [*sic*] called on his behalf, according to the [S]ixth [A]mendment of th[e] U.S. Constitution.

2.   The [S]tate errord [*sic*] in indicting [Petitioner] for kidnapping and aggravated burglary as there was evidence in the police report that it was merely a domestic dispute as the 911 call had stated. [Petitioner] was over charged, and more or less forced into pleading guilty to a charge that he did not commit as the prosecutor well knew.

3.   The trial court errord [*sic*] in bagering [*sic*] [Petitioner] into a guilty plea, after, [Petitioner] had expressed his inocense [*sic*] and wish to go to trial as reflected on plea hearing transcripts, pages 7, 15, 16, 17, 18.

4.   Trial court commited [*sic*] plain error by failing to explain to [Petitioner] the minimum and maximum terms of imprisonment, and the possibility of penalties for not following mandatory sanctions, as provided by stature [*sic*] and the [O]hio [C]onstitution.

5.   Trial court commited [*sic*] prejudical [*sic*] error when it violated the plea agreement, trial counsel was U.S. constitutionally [*sic*] ineffective for not objecting to the same, violating [D]ue [P]rocess [C]lause of the U.S. Constitution. The plea colloquy under [Crim. R.] 11(C)(2)(c)(B)(A) was deficient because the trial court failed to properly inform [Petitioner] of the mandatory notification obligations under R.C. [§] 2947.23(A)(1) prior to

11

the entering of [Petitioner's] guilty plea, said failure prejudiced [Petitioner] to the extent that his plea was rendered in less than a knowing, intelligent, and voluntary manner. [F]urther, the trial court provided misinformation when it advised [Petitioner] that he had been properly informed. [Petitioner's] guilty plea was obtained in violation of due process, and is void: as trial court did not strictly comply with [Crim. R.] 11, as it pertains to the wavier [*sic*] of federal constitutional rights.

6.     Trial court committed plain error by failing to hold a [*sic*] evidentary [*sic*] [hearing], or give its opinion for denial of [Petitioner's] motion to vacate plea, sentence and judgment on 9-14-2011. [A]s [Petitioner] wished to withdraw his guilty plea on the merits that it was made in violation of his constitutional rights, and, the laws of the United States.

7.     The judicial system has errord [*sic*] by the court[']s performance, its appointment of counsel, appellate counsel, and, appellate review[.]

8.     [Petitioner] has never been afforded a complete copy of all records pertaining to his case, as he is proceding [*sic*] pro se and at this courts [*sic*] request per [J]udge Cynthia Westcott Rice order.  [Petitioner] cannot perfect his appeal without a complete copy of the record, which he has previously requested a number of times, and so motions this court for the same.

9.     Trial court errord [*sic*] to the prejudice of [Petitioner] by coercion of obtaining his guilty plea under the false pretense of his being a canidate [*sic*] for house arrest, while trial court knew that [Petitioner] was not, as no pre-sentence investigation report was conducted pursuant to R.C. [§] 2951.03(A)(1). Said report was not filed and docketed until [1-9-2012] rendering the court['s] procedings [*sic*] void[.]

10.    Trial court errored [*sic*] by not finding [Petitioner] guilty in its order and journal entry. The court[']s order is not final or appealable.

*Id*. at 5-8.   On September 25, 2015, Respondent filed an answer/return of writ.  ECF Dkt. #8.

On November 23, 2015, Petitioner filed an "Answer to State Response."  ECF Dkt. #10.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the

merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v.*

12

*United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  Respondent does not challenge the timeliness of Petitioner's habeas petition.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was

convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by:  (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at

14

trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.       Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the

15

procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

16

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

**IV.**    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and

procedural default, the AEDPA governs this Court's review of the instant case because Petitioner

filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of

April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112

(1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of

the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of

habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented
> > in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28

U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if
> the state court arrives at a conclusion opposite to that reached by this Court
> on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts of

17

the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas

court making the 'unreasonable application' inquiry should ask whether the state court's

application of clearly established federal law was objectively unreasonable."  *Id*.  Elaborating on

the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

that application must also be unreasonable."  *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652,

655–56 (6th Cir. 2001).

     The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

    1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

    2.    The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

    3.    'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

    4.    The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses

18

to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore

19

the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast &*
*Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has
the burden of rebutting the presumption of correctness by clear and convincing evidence. 28
U.S.C. § 2254(e)(1).

## V.      ANALYSIS

The portion of Plaintiff's habeas petition addressing the law and his argument as to why
he should be granted a writ of habeas corpus consists of ten paragraphs, each alleging an
assignment of error.  *See* ECF Dkt. #4 at 5-8.  In his brief on direct appeal, filed on April 19,
2012, Petitioner asserted the following assignments of error:

1.      The trial court erred in sentencing [Petitioner] by imposing more than the
        minimum sentence and by imposing an improper sentence.

2.      The trial court erred in overruling [Petitioner's] pre-sentence motion to
        withdraw his guilty plea.

ECF Dkt. #8-1 at 30-48.  On September 28, 2012, the appellate court determined that Plaintiff's
two assignments of error were without merit.  *Id.* at 62-71.  No appeal was filed in the Supreme
Court of Ohio.  Petitioner then filed an application for reopening, which was denied on February
7, 2013.  *Id.* at 72, 82.

On May 22, 2013, Petitioner filed assignments of error in the Eleventh District Court of
Appeals.  ECF Dkt. #8-1 at 91.  The Eleventh District Court of Appeals modified the trial court's
judgment by eliminating the possibility that Petitioner be subject to community service in lieu of
court costs, and affirmed, as modified, the judgment of the trial court.  *Id.* at 121.

Petitioner filed a motion to vacate a void sentence, or, in the alternative, motion to
withdraw his guilty plea on November 12, 2013.  ECF Dkt. #8-1 at 124.  A motion to vacate

plea, sentence, and judgment was filed by Petitioner on January 27, 2014.  Both of these motions were denied by the trial court.  *Id.* at 133, 144.  Petitioner appealed the denial of the January 27, 2014, motion to vacate plea, sentence, and judgment.  *Id.* at 145.  On April 15, 2014, Petitioner's counsel filed a motion to withdraw, indicating that she was unable to find any meritorious issues to raise upon appeal, and moving the Court to accept a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and allow her to withdraw from serving as Petitioner's counsel.  *Id.* at 152-53.  Pursuant to *Anders*, counsel's brief was properly served on Petitioner.  *Id.* at 204.

Petitioner then filed his own brief on the merits on June 11, 2014.  ECF Dkt. #8-1 at 170. It is in this brief that Petitioner first asserts the ten assignments of error now before this Court in the instant habeas petition.  *See id.* at 173-74; ECF Dkt. #4 at 5-8.  On December 22, 2014, the Eleventh District Court of Appeals found that Petitioner's first nine assignments of error were barred by the doctrine of *res judicata* because each assignment of error pertained to issues that could have been raised on direct appeal or an appeal from a subsequent final order.  ECF Dkt. #8-1 at 207-208.  The appellate court also determined that each of Petitioner's ten assignments of error were without merit.  *Id.*  Petitioner appealed the appellate court's decision to the Supreme Court of Ohio on March 2, 2015, in the form of a motion for delayed appeal.  *Id.* at 213-16.  The Supreme Court of Ohio denied Petitioner's motion for a delayed appeal on April 29, 2015.  *Id.* at 228.

Petitioner first presented the ten assignments of error contained in his habeas petition to the Eleventh District Court of Appeals in a motion filed nearly twenty-one months after the appellate court ruled on his direct appeal.  Nine of these ten assignments of error were denied as barred by *res judicata*, as the Eleventh District Court of Appeals explained that Petitioner could

21

have raised these claims on direct appeal or an appeal from a subsequent final order.  ECF Dkt.
#8-1 at 207-208.  Accordingly, Petitioner's first nine grounds for relief were never properly
presented to the state courts, and are not cognizable on federal habeas review unless Petitioner
can demonstrate cause for the default and actual prejudice, or that failure to consider the claims
will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 751; *Bonnell*, 301
F.Supp.2d at 722.  Petitioner makes no argument or statement regarding cause or prejudice, and
does not assert that failure to consider the claims will result in a fundamental miscarriage of
justice.  Accordingly, Petitioner's first nine assignments of error have been procedurally
defaulted.

In his tenth assignment of error, Petitioner asserts that the trial court erred by not finding
him guilty in its order and judgment entry, and thus the trial court's order was not final or
appealable.[4]  ECF Dkt. #4 at 8.  The Eleventh District Court of appeals determined that
Petitioner's tenth assignment of error was without merit because the record demonstrated that the
trial court stated in its judgment entry that Petitioner pleaded guilty and the court accepted his
plea, and that the trial court reiterated the finding of guilt in the sentencing entry.  ECF Dkt. #8-1
at 207.

The undersigned agrees that Petitioner's tenth assignment of error is wholly without
merit.  Petitioner claims that the trial court did not find him guilty in the journal entry, however,
the journal entry clearly states that the trial court accepted his guilty plea.  ECF Dkt. #4 at 8;
ECF Dkt. #8-1 at 12.  The sentencing entry prepared by the trial court further affirms that
Petitioner's guilty plea was accepted by the court.  ECF Dkt. #8-1 at 20.  Even providing

---

[4]Plaintiff erroneously refers to the judgment entry as a "journal entry."  *See* ECF Dkt. #4 at 8.

22

Petitioner the benefit of the doubt that his tenth assignment of error presents a cognizable claim, any potential claim is without merit as the claim is clearly refuted by the record.  Accordingly, the undersigned finds that Petitioner's tenth assignment of error is without merit.

For the reasons stated above, the undersigned finds that Petitioner's first nine assignments of error are subject to procedural default, and that his tenth assignment of error is without merit.

## VI.    CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #4) in its entirety with prejudice.


DATE: February 17, 2015                        */s/  George J. Limbert*                        
                                                             GEORGE J. LIMBERT
                                                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).